IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| CARL RICHARD WOODS and STACI WOODS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. |
| v. | ) ) | JURY DEMAND |
| SYVERAIN DIEUBY and LYFT, INC., | ) ) | |
| Defendants. | ) ) | |

**EXHIBIT C**

## COMPLAINT

Plaintiffs, for this cause of action against Defendants, state to the Court:

1. Plaintiff Carl Richard ("Rick") Woods is a resident of Shelby County, Kentucky.

2. Plaintiff Staci Woods is a resident of Shelby County, Kentucky.

3. Plaintiffs are married.

4. Defendant Syverain Dieuby is a resident of Hendry County, Florida.

5. Defendant Lyft, Inc. ("Lyft") is a for-profit corporation doing business in Tennessee, organized under the laws of Delaware, and with its principal place of business at 185 Berry St., STE 400, San Francisco, California 94107. Defendant Lyft may be served with process through its registered agent for service of process, CT Corporation System, at 300 Montvue Rd, Knoxville, TN 37919.

6. On March 15, 2025, Defendant Syverain Dieuby was driving a vehicle in Davidson County, Tennessee.

7. Defendant Syverain Dieuby was driving towards the crosswalk at the intersection of Lyle Ave. and Broadway.

8. Defendant Syverain Dieuby did not stop his vehicle.

9. Defendant Syverain Dieuby did not slow his vehicle.

10. Defendant Syverain Dieuby drove into the crosswalk.

11. Defendant Syverain Dieuby hit two pedestrians in the crosswalk with his vehicle ("the collision").

12. The pedestrians were Plaintiffs Rick Woods and Staci Woods.

13. Mr. and Ms. Woods were lawfully in the crosswalk.

14. Defendant Syverain Dieuby is at fault for the collision.

15. Defendant Syverain Dieuby failed to maintain a proper lookout.

16. Defendant Syverain Dieuby failed to pay proper attention.

17. Defendant Syverain Dieuby failed to yield the right of way to the Plaintiffs.

18. Defendant Syverain Dieuby drove into the crosswalk when it was not safe to do so.

19. Defendant Syverain Dieuby failed to keep his vehicle under proper control.

20. Defendant Syverain Dieuby failed to use reasonable and due care in the operation of his vehicle so as to avoid injury to other persons using the roadway, the Plaintiffs.

21. Based on his conduct described here, Defendant Syverain Dieuby is negligent.

22. Defendant Syverain Dieuby failed to yield the right of way to Mr. and Ms. Woods who were crossing the roadway within the crosswalk and upon the half of the roadway in which Mr. Dieuby was traveling in violation of Tenn. Code Ann. § 55-8-134.

23. Defendant Syverain Dieuby failed to exercise due care to avoid colliding with Plaintiffs, failed to maintain a safe lookout, failed to keep his vehicle under proper control, and failed to devote full time and attention to operating his vehicle, under the existing circumstances, to avoid endangering life, limb, or property in violation of Tenn. Code Ann. § 55-8-136.

24. Defendant Syverain Dieuby failed to yield the right of way to Mr. and Ms. Woods who were crossing the roadway within the crosswalk and upon the half of the roadway in which Mr. Dieuby was traveling in violation of Metro Government of Nashville and Davidson County Ordinance § 12.52.020.

25. Defendant Syverain Dieuby failed to exercise due care to avoid colliding with the Plaintiffs by failing to drive in a safe and prudent manner so as not to endanger the life, limb, or property of any person in violation of the Metropolitan Government of Nashville and Davidson County Ordinance 12.68.170.

26. Based on the violations of statutes and ordinances above, Defendant Syverain Dieuby is negligent *per se.*

27. At all relevant times, Defendant Syverain Dieuby was driving in his capacity as a driver for Lyft.

28. As a Lyft driver, Defendant Syverain Dieuby accepts passengers in his vehicle through Lyft's application.

29. Defendant Syverain Dieuby is directed where to pick up passengers by Lyft through Lyft's application.

30. Defendant Syverain Dieuby is directed who to pick up by Lyft through Lyft's application.

31. Defendant Syverain Dieuby is directed where to take passengers by Lyft through Lyft's application.

32. Defendant Lyft pays Defendant Syverain Dieuby for transporting passengers.

33. At all relevant times, Defendant Syverain Dieuby was the agent, servant, and/or employee of Lyft.

34. At all relevant times, Defendant Syverain Dieuby was acting within the course and scope of his employment or agency with Lyft.

35. At all relevant times, Defendant Syverain Dieuby was acting on and in furtherance of the business of Lyft.

36. Lyft is vicariously liable for any negligent acts and omissions of Defendant Syverain Dieuby by the doctrine of *respondeat superior.*

37. Plaintiffs plead in the alternative that the relationship between Defendant Syverain Dieuby and Lyft constitutes a joint venture under Tennessee law, and Defendant Syverain Dieuby and Lyft are jointly and severally liable for the negligent acts and omissions of Defendant Syverain Dieuby.

38. In support of the alternative pleading in Paragraph 37, Plaintiffs state:

   a. Defendant Lyft and Defendant Syverain Dieuby are associated with the intent of providing transportation services to riders.

   b. Defendant Lyft and Defendant Syverain Dieuby jointly profit from each ride.

   c. Defendant Lyft and Defendant Syverain Dieuby combine their efforts, property, money, skill, and knowledge, and share a common interest in providing transportation services to riders.

39. Plaintiffs plead in the alternative that Lyft is vicariously liable for the negligent acts and omissions of Defendant Syverain Dieuby under independent contractor liability.

40. In support of the alternative pleading in Paragraph 39, Plaintiffs state:

   a. Lyft hired Defendant Syverain Dieuby as a driver to operate a vehicle for hire for the transportation of passengers.

b. At the time of the collision, Defendant Syverain Dieuby was operating his vehicle as a driver for Lyft.

c. At the time Lyft hired Defendant Syverain Dieuby, Lyft knew or should have known that operating a vehicle on roadways involves a risk of harm to others using the roadway.

41. Plaintiff Rick Woods suffered injuries as a direct and proximate result of the collision.

42. Plaintiff Rick Woods has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the collision.

43. Plaintiff Rick Woods has endured and will continue to endure pain and suffering as a direct and proximate result of the collision.

44. Plaintiff Rick Woods has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the collision.

45. Plaintiff Rick Woods has lost and will continue to lose wages as a direct and proximate result of the collision.

46. Plaintiff Rick Woods has lost earning capacity as a direct and proximate result of the collision.

47. Plaintiff Rick Woods has been permanently scarred and disfigured as a direct and proximate result of the collision.

48. Plaintiff Rick Woods has been permanently impaired as a direct and proximate result of the collision.

49. Plaintiff Rick Woods seeks to recover for all of his damages allowed under Tennessee law.

50. Plaintiff Staci Woods observed, felt, and experienced the consequences of Defendants' conduct towards her husband, and suffered emotional injury as a result.

51. As a direct and proximate result of the collision, Plaintiff Staci Woods, as the spouse of Rick Woods, lost the consortium of her husband.

52. Plaintiff Staci Woods seeks to recover damages for negligent infliction of emotional distress.

53. Plaintiff Staci Woods seeks to recover damages for loss of consortium.

54. Plaintiff Staci Woods suffered injuries as a direct and proximate result of the collision.

55. Plaintiff Staci Woods has incurred and will continue to incur medical bills and other expenses as a direct and proximate result of the collision.

56. Plaintiff Staci Woods has endured and will continue to endure pain and suffering as a direct and proximate result of the collision.

57. Plaintiff Staci Woods has endured and will continue to endure lost enjoyment of life as a direct and proximate result of the collision.

58. Plaintiff Staci Woods has lost and will continue to lose wages as a direct and proximate result of the collision.

59. Plaintiff Staci Woods seeks to recover for all of her damages allowed under Tennessee law.

60. Plaintiff Rick Woods observed, felt, and experienced the consequences of Defendants' conduct towards his wife, and suffered emotional injury as a result.

61. As a direct and proximate result of the collision, Plaintiff Rick Woods, as the spouse of Staci Woods, lost the consortium of his wife.

62.     Plaintiff Rick Woods seeks to recover damages for negligent infliction of emotional distress.

63.     Plaintiff Rick Woods seeks to recover damages for loss of consortium.

WHEREFORE, Plaintiffs pray for the following relief:

1.     A judgment for compensatory damages against Defendants, jointly and severally, in an amount to be determined by a jury;

2.     An award of all discretionary costs and court costs;

3.     A jury be empanelled to try this cause;

4.     All interest allowed by law; and,

5.     Such other and further relief as shall be deemed reasonable and necessary.

Respectfully submitted,

/s/ Vada A. Newman
Laura B. Baker, BPR#025272
Vada A. Newman, BPR#041303
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, TN 37027
Telephone:     615.742.4880
Facsimile:     615.742.4881
Attorneys for Plaintiffs